EUGENE R. VAUGHN v. PATRICK H. SHERIDAN.

*Power of attorney.*

A power of attorney to sell "three certain lots of land in the village of Pentwater in said county of Oceana, belonging to me " was *held* suf-

ficiently precise to support sales from three tracts, two of forty acres each, and one of eighty, lying within an unincorporated settlement called the village of Pentwater, and all belonging to the person who gave the power, who could not repudiate this construction after taking the benefit of the sales. And any ambiguity which might arise from the previous platting of one of the tracts into smaller lots, would be latent merely and might be removed by parol evidence.

Case made from Oceana. (Russell, J.) Jan. 17.—Feb. 27.

EJECTMENT. Defendant had judgment. Affirmed.

*R. M. Montgomery* and *W. E. Ambler* for plaintiff. A grant is void if it does not identify the subject matter : *Ives v. Kimball* 1 Mich. 313 ; *Slater v. Breese* 36 Mich. 81 ; *Hanly v. Blackford* 1 Dana 1: 25 Am. Dec. 114 ; *Tollenson v. Gunderson* 1 Wis. 115 ; *Choteau v. Jones* 11 Ill. 300.

*White & McMahon* for defendant. Words may be used in different senses in the same instrument, the rule of construction being that the court shall find out the sense that they are used in and apply that sense to the words used : *Howell v. Richards* 11 East 643 ; *Wilson v. Troup* 2 Cow. 228 ; *Norris v. Showerman* 2 Doug. 16–25 ; *Strong v. Benedict* 5 Conn. 220 ; *Paddack v. Pardee* 1 Mich. 421–424 ; *Facey v. Otis* 11 Mich. 213–218 ; *Tower v. Detroit, L. & L. Mich. R. R. Co.* 34 Mich. 329–338 ; *Stuart v. Worden* 42 Mich. 154–160 ; 3 Washb. R. P. (4th ed.) 384 ; the word " springs " has been answered by swamp and " farm " by several parcels let all together : *Day v. Adams* 42 Vt. 510 ; *Bell v. Woodward* 46 N. H. 337.

COOLEY, J. Action of ejectment. The facts are all found by the circuit judge, and the question arising upon the exception is, whether the plaintiff upon the facts is entitled to judgment. The circuit judge held that he was not.

It appears by the record that prior to April 16, 1863, one Lydia Cobb was owner of two forty-acre lots and one eighty-acre lot in the county of Oceana, with the exception of certain parcels which had been sold off as village lots from the eighty-acre lot. There was at that time a settlement called

the village of Pentwater, but no incorporated village, and the three lots of land were within the limits of the village as popularly known. Before selling village lots Cobb had made a plat of the eighty-acre lot as Cobb's addition to the village of Pentwater. On the day above named she executed to Edgar D. Richmond a power of attorney in due form of law, authorizing him in her name and as her act and deed " to sell, bargain and convey three certain lots of land in the village of Pentwater in said county of Oceana, belonging to me." The power of attorney contained no other or further description.

Richmond, in reliance upon this authority, proceeded to sell parcels from the three lots as he found opportunity, and to account to Cobb for the proceeds, until all were sold and accounted for. Neither Cobb nor any one else for many years questioned the sufficiency of the power of attorney to authorize Richmond to make the sales. The defendant is in possession of the land claimed in this suit under one of the conveyances which Richmond made. June 18, 1881, Cobb gave to the plaintiff a quitclaim deed of all the land which Richmond had conveyed as her attorney, and the plaintiff instituted this suit.

It is contended on behalf of the plaintiff that the description in the power of attorney is void for uncertainty. But on the face of the power there is no ambiguity. It mentions "three certain lots of land in the village of Pentwater" belonging to the donor of the power. Descriptions do not fully identify lands without reference to the extrinsic facts; but in this case the extrinsic facts which are to point them out are all indicated. The lots were to be found in the village of Pentwater; and owned by Cobb. There appears to have been a settlement popularly known by that name, and within it Cobb owned three parcels of land. The identification seems therefore to be complete. There was no ambiguity either patent or latent. It is true that Cobb had previously platted one of the lots into smaller lots, but the platting, so far as we are informed, was on paper only, and

there was neither impropriety nor inaccuracy in still speaking of the subdivided eighty acres as a " lot."

The only ambiguity which could possibly be suggested would arise when the platting was proved. It might then be suggested that Cobb intended to empower Richmond to sell three of the small lots instead of the three government subdivisions. But this would be only a latent ambiguity, and might be removed by parol evidence. *Ives v. Kimball* 1 Mich. 308. When Cobb put her own construction upon the letter of attorney by sanctioning and taking the benefit of Richmond's sales, it became too late for her to say that she did not mean what Richmond understood her to mean.

The judgment is right, and must be affirmed with costs.

GRAVES, C. J. and MARSTON, J. concurred.